**NO. 22-1144**

In The
# United States Court Of Appeals
# For The Fourth Circuit

## MARTHE LATTINVILLE-PACE,

*Plaintiff – Appellant,*

**v.**

## INTELLIGENT WAVES LLC,

*Defendant – Appellee.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT ALEXANDRIA**

––––––––––––––––

**REPLY BRIEF OF APPELLANT**

––––––––––––––––

Carla D. Brown
CHARLSON BREDEHOFT COHEN
  BROWN & NADELHAFT, P.C
11260 Roger Bacon Drive
Suite 201
Reston, VA 20190
(703) 318-6800

*Counsel for Appellant*

## TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES .................................................................. ii

SUMMARY OF REPLY ....................................................................1

ARGUMENT ....................................................................................2

I.    THE *MCDONNELL DOUGLAS* FRAMEWORK IS USED AS A GUIDE IN EVALUATING THE PLAUSIBILITY OF EMPLOYMENT DISCRIMINATION CLAIMS AND RULE 12(b)(6) MOTIONS TO DISMISS SUCH CLAIMS ..........................2

II.    AFTER INVOKING *MCDONNELL DOUGLAS* IN THE DISTRICT COURT TO SUPPORT ITS RULE 12(b)(6) MOTION, INTELLIGENT WAVES SHOULD NOT BE ALLOWED TO ARGUE THE IRRELEVANCY OF THE FRAMEWORK ON APPEAL ............................................5

III.    FOLLOWING INTELLIGENT WAVES' LEAD IN THE DISTRICT COURT, AND CONSISTENT WITH CIRCUIT PRECEDENT AND PRACTICE, MS. LATTINVILLE-PACE HAS ARGUED THE PLAUSIBILITY OF HER EMPLOYMENT DISCRIMINATION CLAIMS UNDER THE *MCDONNELL DOUGLAS* FRAMEWORK ......................................10

IV.    INTELLIGENT WAVES IS ASKING THAT THE CASE BE VIEWED IN THE LIGHT MOST FAVORABLE TO IT, WHEN IT SHOULD BE VIEWED IN THE LIGHT MOST FAVORABLE TO MS. LATTINVILLE-PACE ...............................16

V.    INTELLIGENT WAVES ERRONEOUSLY TREATS "BUT-FOR" CAUSATION AS A HEIGHTENED "DIRECT EVIDENCE" PLEADING STANDARD ...........................18

VI.    INTELLIGENT WAVES CITES CASES SUPPORTING REVERSAL OF THE DISTRICT COURT ......................................21

CONCLUSION ...............................................................................23

CERTIFICATE OF COMPLIANCE .......................................................25

i

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Abrams v. Dep't of Pub. Safety,*
    764 F.3d 244 (2d Cir. 2014) ........................................................15

*Artunduaga v. Univ. of Chi. Med. Ctr.,*
    2015 U.S. Dist. LEXIS 79672 (N.D. Ill. June 19, 2015)..................15

*Bean v. Trident Marketing,*
    2019 U.S. Dist. LEXIS 74982 (M.D.N.C. May 3, 2019)..................4

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............21

*Bing v. Brivo Systems, LLC,*
    959 F.3d 605 (4th Cir. 2020) ..............................................11, 21, 23

*Birmingham v. PNC Bank, N.A.,*
    846 F.3d 88 (4th Cir. 2014) ........................................................17

*Bullock v. PCL Indus. Services,*
    2013 U.S. Dist. LEXIS 135992 (E.D. Ca. Sept. 23, 2013) ............15

*Burns v. AAF-McQuay, Inc.,*
    96 F.3d 728 (4th Cir. 1996) ........................................................15

*Butterfield v. Civil Univ. Physicians & Surgs., Inc.,*
    2021 U.S. Dist. LEXIS 97871 (S.D. W. Va. May 24, 2021) ........18

*Cole v. Family Dollar Stores of Md, Inc.,*
    811 Fed. Appx. 168 (4th Cir. 2020) ..............................................20

*Coleman v. Md. Court of Appeals,*
    626 F.3d 187 (4th Cir. 2010) ....................................................2, 21

*David v. City of Richmond Police Dept.,*
    2022 U.S. Dist. LEXIS 87146 (E.D. Va. May 13, 2022)..................3

*Dolgaleva v. Va. Beach City Pub. Sch.*,
    364 Fed. Appx. 820 (4th Cir. 2010) ...............................................................14

*EEOC v. Aerotek, Inc.*,
    815 F.3d 328 (7th Cir. 2016) ........................................................................15

*Ensley v. Goodwill Indus. of Lower SC*,
    2018 U.S. Dist. LEXIS 179961 (D.S.C. Sept. 17, 2018) ..............................4

*Erickson v. Pardus*,
    551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ...........................12

*Espinoza v. Farah Mfg. Co., Inc.*,
    414 U.S. 86, 94 S. Ct. 334, 38 L. Ed. 2d 287 (1973) ...................................14

*Feminist Majority Found. v. Hurley*,
    911 F.3d 674 (4th Cir. 2018) ........................................................................14

*First Va. Banks, Inc. v. BP Exploration & Oil, Inc.*,
    206 F.3d 404 (4th Cir. 2000) ..........................................................................9

*Foster v. Univ. of Md.-E. Shore*,
    787 F.3d 243 (4th Cir. 2015) ........................................................................13

*Greene v. Mullis*,
    829 Fed. Appx. 604 (4th Cir. 2020) ..............................................................17

*Greene v. Safeway Stores, Inc.*,
    98 F.3d 554 (10th Cir. 1996) ........................................................................15

*Gross v. FBL Fin. Servs., Inc.*,
    557 U.S. 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009) ...........................19

*Guluma v. DeJoy*,
    2022 U.S. Dist. LEXIS 92982 (D. Md. May 24, 2022) ..................................4

*Henley v. FMC Corp.*,
    20 Fed. Appx. 108 (4th Cir. 2001) ..................................................................9

*Jain v. Tokio Marine Mgmt.*,
    2018 U.S. Dist. LEXIS 166692 (S.D.N.Y. Sept. 27, 2018) ..........................15

*Kinder v. White*,
609 Fed. Appx. 126 (4th Cir. 2015) ............................................................8, 9

*McCleary-Evans v. Md. DOT*,
780 F.3d 582 (4th Cir. 2014) ........................................................ 4-5, 21, 22

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) ........................*passim*

*McKenzie-El v. Am. Sugar Ref., Inc*,
2021 U.S. App. LEXIS 34486 (4th Cir. 2021) ..........................................2, 21

*Miller v. Gruenberg*,
2017 U.S. Dist. LEXIS 51096 (E.D. Va. Mar. 31, 2017), *aff'd*,
699 Fed. Appx. 204 (4th Cir. 2017) ...............................................................4

*Miller v. Singh*,
2021 U.S. Dist. LEXIS 172097 (D. S.C. Sept. 10, 2021) ...........................15

*Nichols v. Ashland Hosp. Corp.*,
251 F.3d 496 (4th Cir. 2001) ......................................................................13

*Parker v. Ciena Corp.*,
787 Fed. Appx. 817 (4th Cir. 2019) ...............................................................3

*Patrick v. Ridge*,
394 F.3d 311 (5th Cir. 2004) .......................................................................15

*Ray v. Amelia County Sheriff's Office*,
302 Fed. Appx. 209 (4th Cir. 2008) ....................................................3, 12, 23

*Reeves v. Sanderson Plumbing Prods., Inc.*,
530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) ...........................20

*Sempowich v. Tactile Sys. Tech., Inc.*,
19 F.4th 643 (4th Cir. 2021) .......................................................................13

*Sherman v. Westinghouse Savannah River Co.*,
263 Fed. Appx. 357 (4th Cir. 2008) .....................................................15, 16

*Simpson v. Beaver Dam Cmty. Hosps., Inc.*,
    780 F.3d 784 (7th Cir. 2015) .................................................................. 14-15

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) .............................4, 10

*Tickles v. Johnson*,
    805 Fed. Appx. 204 (4th Cir. 2020) .......................................................21, 22

*United States v. Conner*,
    456 Fed. Appx. 300 (4th Cir. 2011) ..............................................................9

*United States v. Gould*,
    741 F.2d 45 (4th Cir. 1984) ..........................................................................9

*United States v. Pa. Higher Educ. Assistance Agency*,
    745 F.3d 131 (4th Cir. 2014) ......................................................................17

*Walton v. Harker*,
    33 F.4[th] 165, 2022 U.S. App. LEXIS 11610 (4th Cir. Apr. 28, 2022) .............3

*Westmoreland v. TWC Admin. LLC*,
    924 F.3d 718 (4th Cir. 2019) ..................................................................19, 20

*Zee Co. v. Williams, Mullen, Clark & Dobbins, P.C.*,
    547 Fed. Appx. 166 (4th Cir. 2013) ............................................................14

**Statutes:**

42 U.S.C. § 1981 ...........................................................................................2

42 U.S.C. § 2000e, *et seq.* .....................................................................*passim*

**Regulations:**

29 CFR § 1606.1 ..........................................................................................14

**Rules:**

4th Cir. L.R. 30(b)(1) ....................................................................................6

Fed. R. App. P. 30(a)(2) ..............................................................................6

Fed. R. App. P. 30(b)(1)...............................................................................6

Fed. R. Civ. P. 8(d)(2)...............................................................................14

Fed. R. Civ. P. 8(d)(3)...............................................................................14

Fed. R. Civ. P. 12(b)(6)......................................................................*passim*

## SUMMARY OF REPLY

In addition to the reasons given in Ms. Lattinville-Pace's opening brief to the Court and the EEOC's amicus brief, the District Court's dismissal of her employment discrimination claims should be reversed because:

**[1]** Contrary to Intelligent Waves' contention, this Court, and the district courts in this Circuit, routinely use the *McDonnell Douglas* framework for assessing the plausibility of employment discrimination claims and deciding Rule 12(b)(6) motions to dismiss such claims.

**[2]** Intelligent Waves *itself* invoked and relied on the *McDonnell Douglas* framework and its prima facie elements *in the District Court* in support of its Rule 12(b)(6) motion to dismiss Ms. Lattinville-Pace's employment discrimination claims, and as a consequence should not be permitted to argue the irrelevancy of the framework on appeal.

**[3]** Following Intelligent Waves' lead in the District Court, and consistent with Circuit precedent and practice, Ms. Lattinville-Pace has argued the plausibility of her employment discrimination claims under the *McDonnell Douglas* framework.

**[4]** Intelligent Waves has asked the Court to view the allegations in the Amended Complaint in the light most favorable to itself when the cardinal rule in deciding Rule 12(b)(6) motions is to view the allegations in the light most favorable to the plaintiff.

1

**[5]** The Court should reject Intelligent Waves' use of the "but-for' causation standard as a heightened "direct evidence" pleading standard; and

**[6]** The cases cited by Intelligent Waves support reversal of the District Court.

## ARGUMENT

I. **THE *MCDONNELL DOUGLAS* FRAMEWORK IS USED AS A GUIDE IN EVALUATING THE PLAUSIBILITY OF EMPLOYMENT DISCRIMINATION CLAIMS AND RULE 12(b)(6) MOTIONS TO DISMISS SUCH CLAIMS**

Intelligent Waves berates Ms. Lattinville-Pace for invoking the *McDonnell Douglas* framework as a tool for assessing the plausibility of her employment discrimination claims and the merits of its Rule 12(b)(6) motion to dismiss those claims. Appellee's Br. 10-21. But in the very cases Intelligent Waves cited, this Court did just that – invoked the burden-shifting framework of *McDonnell Douglas* and its prima facie elements to assess the plausibility of employment discrimination claims and evaluate a Rule 12(b)(6) motion to dismiss the claims. *See McKenzie-El v. Am. Sugar Ref., Inc*, 2021 U.S. App. LEXIS 34486 at *2-3 (4th Cir. 2021) (invoking *McDonnell Douglas* and prima facie elements of employment discrimination claim under Title VII in deciding defendant's Rule 12(b)(6) motion to dismiss and noting in the context of Rule 12(b)(6) motions to dismiss Section 1981 claims that "[c]ourts long relied on the *McDonnell Douglas* burden-shifting framework to evaluate claims of race discrimination in employment under § 1981"); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (invoking prima

facie elements of race discrimination and retaliation claims under Title VII in deciding plausibility of the claims and Rule 12(b)(6) motion to dismiss them).

This Court has invoked the *McDonnell Douglas* framework in other employment discrimination cases in assessing the plausibility of the claims and deciding a Rule 12(b)(6) motion to dismiss, including as recently as two months ago. *See, e.g., Walton v. Harker*, 33 F.4th 165, 2022 U.S. App. LEXIS 11610, at *20-21 (4th Cir. Apr. 28, 2022) (invoking prima facie elements of failure-to-promote claim under Title VII to assess the claim's plausibility and decide Rule 12(b)(6) motion to dismiss); *Ray v. Amelia County Sheriff's Office*, 302 Fed. Appx. 209, 211-12 (4th Cir. 2008) (using prima facie elements of age discrimination claim in *reversing* the district court's Rule 12(b)(6) dismissal of the claim); *cf. Parker v. Ciena Corp.*, 787 Fed. Appx. 817, 820 (4th Cir. 2019) (invoking prima facie elements of retaliation claim under Title VII to assess the claim's plausibility and decide Rule 12(b)(6) motion to dismiss).

District courts within this Circuit routinely turn to the *McDonnell Douglas* framework and its prima facie elements in assessing the plausibility of employment discrimination claims and deciding Rule 12(b)(6) motions to dismiss. *See, e.g., David v. City of Richmond Police Dept.*, 2022 U.S. Dist. LEXIS 87146, at *9-10 (E.D. Va. May 13, 2022) ("Courts may [ ] look to the requirements of a prima facie case as a guide in assessing the plausibility of [a] plaintiff's claim for relief," holding

3

the plaintiff sufficiently alleged an age discrimination claim using the prima facie elements of the claim as a guide); *Guluma v. DeJoy*, 2022 U.S. Dist. LEXIS 92982, at *14 (D. Md. May 24, 2022) (invoking prima facie elements of national origin and age discrimination claims to assess the plausibility of the claims and decide a Rule 12(b)(6) motion to dismiss); *Bean v. Trident Marketing*, 2019 U.S. Dist. LEXIS 74982, at *12-13 (M.D.N.C. May 3, 2019) (using prima facie elements of national origin discrimination claim under Title VII as a guide in assessing the claim's plausibility); *Ensley v. Goodwill Indus. of Lower SC*, 2018 U.S. Dist. LEXIS 179961, at *10-11 (D.S.C. Sept. 17, 2018) (using prima facie elements of an age discrimination claim to assess plausibility and decide Rule 12(b)(6) motion to dismiss).[1]

Intelligent Waves erroneously claims the Supreme Court has forbade use of the *McDonnell Douglas* framework to assess the plausibility of employment discrimination claims. Appellee Br. 13-14. It has not. The Supreme Court has held a plaintiff is not *required* to plead the prima facie elements of an employment discrimination claim in order to overcome a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *McCleary-*

---

[1] The District Court in this case, in the past, has turned to the prima facie elements of a Title VII claim to assess its plausibility noting "the [*McDonnell Douglas*] standard is still instructive to whether [the plaintiff] has plausibly pleaded the elements." *Miller v. Gruenberg*, 2017 U.S. Dist. LEXIS 51096, at *33-34 (E.D. Va. Mar. 31, 2017), *aff'd*, 699 Fed. Appx. 204 (4th Cir. 2017).

4

*Evans v. Md. DOT*, 780 F.3d 582, 584-85 (4th Cir. 2014). That does not mean the *McDonnell Douglas* framework and its prima facie elements cannot serve a constructive role in assessing the plausibility of employment discrimination claims and/or deciding Rule 12(b)(6) motions to dismiss such claims. As shown above (and countless cases too numerous to cite here), this Court (and districts courts in this Circuit) routinely turn to the *McDonnell Douglas* framework and its prima facie elements to assess the plausibility of employment discrimination claims and decide motions to dismiss such claims.

## II.   AFTER INVOKING *MCDONNELL DOUGLAS* IN THE DISTRICT COURT TO SUPPORT ITS RULE 12(b)(6) MOTION, INTELLIGENT WAVES SHOULD NOT BE ALLOWED TO ARGUE THE IRRELEVANCY OF THE FRAMEWORK ON APPEAL

In its brief to this Court, Intelligent Waves feigns indignity to the *McDonnell Douglas* framework being used to assess the plausibility of Ms. Lattinville-Pace's employment discrimination claims and the merits of its Rule 12(b)(6) motion to dismiss the claims. Appellee's Br. 10-21. But it was Intelligent Waves who invoked the *McDonnell Douglas* framework and its prima facie elements in the District Court in support of its Rule 12(b)(6) motion to dismiss her claims:

> "A plaintiff can show cause either through direct evidence of intentional discrimination or through the indirect, burden-shifting framework of *McDonnell Douglas Corp. v. Green*." *Hayes v. Sotera Defense Solutions, Inc.*, 2015 WL 6758294 at *2 (E.D. Va. Nov. 4, 2015). If the Plaintiff relies on the *McDonnell Douglas* test, the Plaintiff must plead facts to support all the elements for that claim, and if factual allegations fail to support even one

5

element then the claim fails.  *See Goode v. Cent. Va. Legal Soc'y*, 2014 WL 3945870 at *3 (E.D. Va. Aug. 12, 2014).

Intelligent Waves' Memorandum in Support of Motion to Dismiss the Amended

Complaint [Civil Docket #17 in the District Court] at 7-8.[2]

    After invoking the *McDonnell Douglas* framework, Intelligent Waves

identified for the District Court the prima facie elements of an age discrimination

claim:

> To establish [ ] a prima facie case that age was a determining factor in firing the plaintiff [sic] by showing that she (1) was a member of a protected class, i.e., age 40 or older, (2) suffered an adverse employment action, (3) was meeting her employer's expectations at the time of the adverse action, and (4) was replaced by or treated less favorably than someone outside the protected class or someone "substantially younger."  *Sullivan v. Perdue Farms, Inc.*, 133 F. Supp. 3d 828, 837 (E.D. Va. 2015).

*Id.* at 9.

    Intelligent Waves acknowledged to the District Court that the Amended

Complaint adequately pled the first and second prima facie elements of an age

---

[2] Per Federal Rule of Appellate Procedure ("FRAP") 30(a)(2), the parties' briefs in the District Court were not included in the Joint Appendix.  Nevertheless, as FRAP 30(a)(2) states, "[p]arts of the record may be relied on by the court or the parties even though not included in the appendix."  *See also* FRAP 30(b)(1) ("[T]he entire record is available to the court."); Local Rule 30(b)(1) ("[T]he entire record is available to the Court should it believe that additional portions are important to a full understanding of the issues").  While Intelligent Waves complains its district court briefs were not included in the Joint Appendix (Appellee's Br. 29-30), FRAP 30(a)(2) specifically directs that such briefs are to be excluded, and, in any event, per FRAP 30(b)(1), Intelligent Waves was given the chance to designate what it wished to include in the Joint Appendix and did not designate its district court briefs for inclusion in the Joint Appendix.

discrimination claim, but argued its Rule 12(b)(6) motion to dismiss should be granted because the Amended Complaint did not adequately allege the third and fourth prima facie elements of the claim. *Id.* at 9-15. Intelligent Waves employed the same *McDonnell Douglas* approach in the District Court to Ms. Lattinville-Pace's national origin discrimination claims, first by identifying the prima facie elements of the claim:

> Under Title VII, to establish a prima facie case of disparate treatment based on age or national origin, Plaintiff "must show that (1) he is a member of a protected class; (2) he has satisfactory job performance; (3) he was subject to an adverse employment action; and (4) similarly situated employees outside his class received more favorable treatment." [Citing cases].

*Id.* at 15.

After identifying the prima facie elements, Intelligent Waves then argued to the District Court the *exact opposite* of what it now argues to this Court:

> The plaintiff need not plead facts sufficient to constitute a prima facie case of discrimination under the framework or [sic] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-805 (1973). However, **"courts may look to the requirements of a prima facie case as a guide in assessing the plausibility of a plaintiff's claim for relief."** *Craft v. Fairfax County Government*, 2016 WL 1643433 at *4 (E.D. Va. April 26, 2016); *see McCleary-Evans v. Md. Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585-88 (4th Cir. 2015) (applying prima facie [sic] as guide in motion to dismiss); *Coleman*, 626 F.3d at 190-91) (same).

*Id.* at 16 (emphasis added).

After acknowledging the constructive role that the *McDonnell Douglas* prima facie elements can play in assessing the plausibility of an employment

7

discrimination claim, Intelligent Waves argued to the District Court that its Rule 12(b)(6) motion to dismiss Ms. Lattinville-Pace's national origin discrimination claims should be granted because the Amended Complaint did not adequately allege the second and fourth elements of a prima facie case. *Id.* at 17-18.

So, to the District Court, Intelligent Waves, in an effort to succeed on its motion to dismiss, argued that the *McDonnell Douglas* framework and its prima facie elements not only may be used but *should be used* as the tool for assessing the plausibility of the employment discrimination claims asserted in this case, and *should be used* as the basis for evaluating (and granting) its motion to dismiss those claims. Now, on appeal, to ward off reversal, Intelligent Waves argues the *very opposite* to this Court – that it is "incorrect as a matter of law" (Appellee's Br. 11) and "clearly incorrect" (Appellee's Br. 20) for the *McDonnell Douglas* framework and its prima facie elements to play any role in assessing the plausibility of a plaintiff's employment discrimination claim (including Ms. Lattinville-Pace's claims) and/or in deciding a defendant's Rule 12(b)(6) motion to dismiss the claim (including its own motion to dismiss).

This Court frowns upon litigants who self-servingly make one argument to the district court, then on appeal make the very opposite argument to this Court. *See Kinder v. White*, 609 Fed. Appx. 126, 132 (4th Cir. 2015) (chastising appellant for suggesting an argument to this Court "even though [she] took the opposite position

<u>below</u>" in the district court) (emphasis in original); *United States v. Conner*, 456 Fed. Appx. 300, 305 (4th Cir. 2011) (observing "[n]ot only did [appellant] not make this argument to the district court, he affirmatively argued the opposite . . . Accordingly, the argument is waived"); *Henley v. FMC Corp.*, 20 Fed. Appx. 108, 117 (4th Cir. 2001) ("[W]e note that the Appellants argued the opposite [in the district court] when seeking to admit Drake's last-minute testimony").

The Court should similarly frown upon Intelligent Waves' self-serving flip-flopping in this case, and decline to hear its *opposite* argument on appeal. *See Conner,* 456 Fed. Appx. at 305 (argument on appeal is waived when the litigant makes the opposite argument in the court below); *First Va. Banks, Inc. v. BP Exploration & Oil, Inc.*, 206 F.3d 404, 407 n. 1 (4th Cir. 2000) ("Because neither of these arguments were raised below, we decline to consider them on appeal.").

Permitting Intelligent Waves to talk out of both sides of its mouth in this case would also "unfairly prejudice the appellant in [the] presentation of [her] case." *Kinder*, 609 Fed. Appx. at 133 (quoting *United States v. Gould*, 741 F.2d 45, 50 n. 5 (4th Cir. 1984)). Given Intelligent Waves' argument to the District Court that the *McDonnell Douglas* framework and its prima facie elements is a useful construct in assessing the plausibility of an employment discrimination claim, including Ms. Lattinville-Pace's claims, it would be "highly prejudicial" to Ms. Lattinville-Pace if Intelligent Waves is permitted to engage in a "switcheroo" on appeal and make the

9

very opposite argument, while chastising Ms. Lattinville-Pace for making the *identical* argument *it made* to the District Court in its successful bid to dismiss her claims. *Id.* (refusing to affirm the appellee's win in the district court based on an argument the appellee expressly disclaimed in the district court because that result "would be highly prejudicial to [the appellant]").

## III.  FOLLOWING INTELLIGENT WAVES' LEAD IN THE DISTRICT COURT, AND CONSISTENT WITH CIRCUIT PRECEDENT AND PRACTICE, MS. LATTINVILLE-PACE HAS ARGUED THE PLAUSIBILITY OF HER EMPLOYMENT DISCRIMINATION CLAIMS UNDER THE *MCDONNELL DOUGLAS* FRAMEWORK

In her opposition to Intelligent Waves' Rule 12(b)(6) motion to dismiss her Amended Complaint, Ms. Lattinville-Pace alerted the District Court that "Intelligent Waves turns to the *McDonnell Douglas* tripartite test to evaluate employment discrimination claims at the summary judgment stage." Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss the Amended Complaint [Civil Docket #19 in the District Court] at 1.[3]  While Ms. Lattinville-Pace noted to the District Court that "the plaintiff need not plead facts that constitute a prima facie case under the framework of *McDonnell Douglas* in order to survive a motion to dismiss" (citing *Swierkiewicz, supra*), she  indicated to the District Court, "Nevertheless, the plaintiff . . . welcomes Intelligent Waves' chosen analytical tool – the *McDonnell Douglas* framework – for evaluating its Motion to Dismiss"

---

[3] *See* note 2 *supra*.

(quoting from a district court within this Circuit that "Courts may look to the requirements of a prima facie case as a guide in assessing the plausibility of plaintiff's claim for relief.").  *Id*.[4]  Ms. Lattinville-Pace then summarized her argument for the District Court:

> Under that framework, the Motion to Dismiss should be denied as to all Counts because facts supporting a prima facie case of age and national origin discrimination have been pled as well as specific facts showing the sole, discriminatorily-charged justification proffered by Intelligent Waves for its discharge of Ms. Lattinville-Pace ("not being a cultural fit") is demonstrably a pretext, and the combination of these three sets of pleaded facts (prima facie case, pretext, and a discriminatorily-charged justification for the adverse action) can support a finding of unlawful discrimination.

*Id.*

In its reply brief in the District Court, Intelligent Waves never objected to Ms. Lattinville-Pace's use of the *McDonnell Douglas* framework to show the sufficiency of her pleading.  *See* Defendant's Reply Brief in Support of Its Motion to Dismiss [Civil Docket #20 in the District Court].  Nor could Intelligent Waves object – it had been the litigant who invoked that framework in support of its motion to dismiss. *See supra*.  In contrast to its stated reliance on *McDonnell Douglas* in the District Court, in its brief to this Court, Intelligent Waves remained silent on the "three sets of pleaded facts" laid out in Ms. Lattinville-Pace's opening brief to this Court and

---

[4] *See also Bing v. Brivo Systems, LLC*, 959 F.3d 605, 616 n. 8 (4th Cir. 2020) (where the Court noted, without indicating any disapproval, the plaintiff's reliance on the *McDonnell Douglas* framework in opposing a Rule 12(b)(6) motion to dismiss the employment discrimination claims in that case).

11

how the specificity of these facts in the Amended Complaint raised her claims well above the speculative level and gave Intelligent Waves "fair notice of what the . . . claim is and the grounds upon which it rests." *Ray*, 302 Fed. Appx. at 211 (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)).

In its brief to this Court, Intelligent Waves ignored the Amended Complaint's allegations that Ms. Lattinville-Pace was 67 years old at the time of her sudden discharge (JA 21, ¶ 68); had exceptional qualifications for the position (JA 8-9, ¶¶ 21-25) (setting forth the details of her HR expertise, experience, and education); was exceeding Intelligent Waves' expectations to the praise and rewards of senior management and others (JA 10-15, ¶¶ 30-43) (setting forth the details of her work accomplishments, accolades received, and bonus awarded); how she was terminated without warning (JA 17, ¶ 51) and just seven days after the President of Intelligent Waves lauded her work (JA 13, ¶ 37); how she was vaguely given "not being a cultural fit" as the sole justification for the discharge (JA 17, ¶ 53); then was replaced by a significantly less qualified specifically named individual (Heidi Pirela) who was nearly 30 years Ms. Lattinville-Pace's junior (JA 19-21, ¶¶ 61-68).

In its brief to this Court, Intelligent Waves ignored the Amended Complaint's allegations on how the proffered justification for Ms. Lattinville-Pace's discharge ("not being a cultural fit") was a complete and total pretext – a lie, a fabrication.  JA 12-15, ¶¶ 33-43.  Had she not been a "fit," surely she would have been told along

12

the way that she was off track, not on the right path, or did not fit in with the culture or mission of the company, none of which she was told. *Id.* Had she not been a "fit," she would not have been the recipient of a plethora of accolades, thanks, and praise by the senior management of the company (including the COO, CFO, and President, including a week before her discharge) for her HR approach and accomplishments as Senior Vice President of Human Resources. JA 12-15, ¶ 33-42.[5] Had she not been a "fit," surely Intelligent Waves would not have rewarded her with a five-figure discretionary bonus. JA 15, ¶ 43.[6] Had she not been a "fit," numerous co-workers and partners would not have expressed surprise at her termination and lamented her departure from the company. JA 19, ¶ 59.

---

[5] *See Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 254 (4th Cir. 2015) (pretext can be found where "[plaintiff]'s immediate supervisor repeatedly praised her work"); *Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496, 503 (4th Cir. 2001) (pretext could be found because "the jury could [ ] have disbelieved [the supervisor]'s trial testimony that he was dissatisfied with [plaintiff]'s performance . . . [the plaintiff] testified emphatically that 'there was no criticism during the performance review' and that, in fact, [her supervisor] complimented her on her work ethic and contributions to the Medical Center.").

[6] *See Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4d 643, 650-51 (4th Cir. 2021) ("If an employer genuinely believed that one of its employees was performing poorly . . . it seems likely that it would at the very least not . . . give her . . . a salary raise, or an equity grant."); *Nichols*, 251 F.3d at 503 (pretext can be found where "the jury could have believed . . . that [the employer] was satisfied with [plaintiff]'s performance because she received a $9,000 bonus for 1996 and a five-percent pay increase at her performance review").

13

In its brief to this Court, Intelligent Waves ignored the Amended Complaint's allegations in support of Ms. Lattinville-Pace's national origin discrimination claims.[7] Specifically, that the Amended Complaint identified her national origin (French Canadian) (JA 7-8, ¶¶ 18-20);[8] that she was discharged (JA 17, ¶ 51); that she was performing at a level that exceeded Intelligent Waves' expectations (JA 10-15, ¶¶ 30-43); and that her position was filled by a less qualified person who was not of French Canadian ancestry (JA 20, ¶ 63).

In addition to detailing the falseness of the proffered justification for the discharge (JA 12-15, ¶¶ 33-43), Ms. Lattinville-Pace's opening brief set forth decisions from other Circuits holding that when a firing official proffers "not being a fit" or "not being a cultural fit" as the sole explanation for a discharge, it could well be charged with discriminatory intent and meaning sufficient for a finding of pretext. Appellant's Br. 31-34 (citing *Simpson v. Beaver Dam Cmty. Hosps., Inc.*,

---

[7] The rules permit Ms. Lattinville-Pace to plead alternative grounds for her discharge. *See* Fed. R. Civ. P. 8(d)(2) & (3); *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 696 (4th Cir. 2018); *Zee Co. v. Williams, Mullen, Clark & Dobbins, P.C.*, 547 Fed. Appx. 166, 168 n. 3 (4th Cir. 2013).

[8] In its brief to this Court, Intelligent Waves ignored the law defining the phrase "national origin" under Title VII, *see Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 87-90, 94 S. Ct. 334, 38 L. Ed. 2d 287 (1973); *Dolgaleva v. Va. Beach City Pub. Sch.,* 364 Fed. Appx. 820, 826 n. 4 (4th Cir. 2010); 29 CFR § 1606.1, and how Ms. Lattinville-Pace's French Canadian ancestry falls within that definition. *See* Appellant's Br. 27-31. Intelligent Waves continues to confine her national origin to citizenship (Appellee's Br. 2, 6) when the legal definition is broader than that.

780 F.3d 784, 792-93 (7th Cir. 2015); *Abrams v. Dep't of Pub. Safety,* 764 F.3d 244, 253 (2d Cir. 2014); *Patrick v. Ridge*, 394 F.3d 311, 316-18 (5th Cir. 2004); *Miller v. Singh*, 2021 U.S. Dist. LEXIS 172097, at *2-4, 16 (D. S.C. Sept. 10, 2021); *Jain v. Tokio Marine Mgmt.*, 2018 U.S. Dist. LEXIS 166692, at *19-21 (S.D.N.Y. Sept. 27, 2018); *Artunduaga v. Univ. of Chi. Med. Ctr.*, 2015 U.S. Dist. LEXIS 79672, at *33-34 (N.D. Ill. June 19, 2015); *Bullock v. PCL Indus. Services*, 2013 U.S. Dist. LEXIS 135992, at *8-9 (E.D. Ca. Sept. 23, 2013)).[9]

Intelligent Waves ignored these decisions. Instead, it claims the Court rejected these holdings in *Burns v. AAF-McQuay, Inc.*, 96 F.3d 728 (4th Cir. 1996) and *Sherman v. Westinghouse Savannah River Co.*, 263 Fed. Appx. 357 (4th Cir. 2008). Appellee's Br. 35-37. Intelligent Waves' reliance on *Burns* is puzzling. There, the employer proffered "eighteen incidents" that motivated its decision not to promote the plaintiff, *id.* at 733, one of which was the plaintiff "did not fit into his group." *Id.* at 732. Reversing the district court, this Court held the plaintiff adduced evidence to overcome summary judgment that the proffered justification ("not a fit") was untrue and a pretext. *Id.* at 733. The Amended Complaint here does the same – alleges facts showing the proffered justification ("not a cultural fit") to be untrue and a pretext. *Burns* supports reversal of the District Court.

---

[9] In its amicus brief to the Court (page 18), the EEOC identified two additional cases that further support the holdings above. *See EEOC v. Aerotek, Inc.*, 815 F.3d 328, 331 (7th Cir. 2016); *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 561 (10th Cir. 1996).

*Sherman* was a *summary judgment* case where the plaintiff failed to show the employer's use of the phrase "best fit the job description" to explain why another applicant got the job and not the plaintiff was a pretext for discrimination. 263 Fed. Appx. at 364, 369-70. The Court did not hold the phrase "best fit the job description" could never be found to be charged with discriminatory intent and meaning; only that the plaintiff failed to prove it was with evidence to overcome summary judgment. *Id.* The Court should send Ms. Lattinville-Pace's case back to the District Court so she may have an opportunity to show that the sole justification given for her discharge ("not being a cultural fit") *was* charged with discriminatory intent and meaning, in addition to being false and a pretext.

**IV.    INTELLIGENT WAVES IS ASKING THAT THE CASE BE VIEWED IN THE LIGHT MOST FAVORABLE TO IT, WHEN IT SHOULD BE VIEWED IN THE LIGHT MOST FAVORABLE TO MS. LATTINVILLE-PACE**

Intelligent Waves has asked the Court to agree with it that its termination of Ms. Lattinville-Pace was "reasonable" (Appellee's Br. 4) and to agree that Ms. Lattinville-Pace could not possibly allege that her work performance was exceptional (Appellee's Br. 25). Intelligent Waves is entitled to assert fact defenses to the claims, but not to have them decided in its favor on a Rule 12(b)(6) motion to dismiss.

In another puzzling argument, Intelligent Waves invites the Court to do a Google search of the term "cultural fit" and visit Amazon's website to consult business texts on the term. Appellee's Br. 38. This is a bad idea. On a Rule 12(b)(6)

16

motion to dismiss, only documents attached to the complaint, incorporated therein by reference, or matters of public record (like statutes, court orders, etc.) may be considered. *Greene v. Mullis*, 829 Fed. Appx. 604, 605 (4th Cir. 2020); *United States v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014). The extraneous materials Intelligent Waves invites the Court to review do not fall in these categories.

Intelligent Waves asks the Court to construe the phrase "not a cultural fit" in the light most favorable to itself – that telling Ms. Lattinville-Pace she was "not a cultural fit" was just a "pleasant way of saying that she was not meeting the expectations of the company and creating a toxic environment for the other employees." Appellee Br. 2. But the cardinal rule of Rule 12(b)(6) motions is that the allegations in the complaint – including, here, the allegation that the sole and false justification given by the firing official for Ms. Lattinville-Pace's abrupt discharge was "not being a cultural fit" – are to be construed in the light most favorable *to the plaintiff* (Ms. Lattinville-Pace). *Birmingham v. PNC Bank, N.A.*, 846 F.3d 88, 92 (4th Cir. 2014). And here, that means accepting the factual allegations pled in the Amended Complaint that the one and only "explanation" given by the employer for the sudden discharge of a stellar employee ("not being a cultural fit") is a complete and total fabrication imbued with discriminatory intent and meaning.

17

Intelligent Waves also wants more details – which mainly rest in its own hands – about the five specifically named individuals at or over the age of 60 who are identified in the Amended Complaint as having also been terminated following Ms. Lattinville-Pace's termination (JA 21, ¶ 70), but such information is a matter for discovery. The Amended Complaint provides Intelligent Waves with notice of who the individuals are, what their positions were, their ages, and that their terminations form part of the basis of Ms. Lattinville-Pace's ADEA claim. This is sufficient for pleading purposes. *Cf. Butterfield v. Civil Univ. Physicians & Surgs., Inc.*, 2021 U.S. Dist. LEXIS 97871, at *10 (S.D. W. Va. May 24, 2021) (denying motion to dismiss overtime wage claim noting that while "[p]laintiff in this case does not identify any other specific employees not paid overtime wages, that information, if true, rests in the hands of Defendant and is a matter for discovery" and the claim should proceed "[d]espite [the plaintiff] not having this very specific information from the outset").

## V. INTELLIGENT WAVES ERRONEOUSLY TREATS "BUT-FOR" CAUSATION AS A HEIGHTENED "DIRECT EVIDENCE" PLEADING STANDARD

Throughout its brief, Intelligent Waves erroneously treats "but-for" causation as a heightened "direct evidence" standard under which a plaintiff must plead and prove a direct connection between her protected characteristic and the adverse action. Appellee's Br. 4, 7, 24 (where Intelligent Waves uses the term "direct

18

evidence" several times).    As noted in Ms. Lattinville-Pace's opening brief (Appellant Br. 19 n. 2), "but-for" does not heighten the burden a plaintiff faces in pleading and proving an ADEA claim, *see Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 & n. 2 (4th Cir. 2019), and did not do away with a plaintiff being able to plead and prove her ADEA claim *circumstantially* through use of the *McDonnell Douglas* framework.    *Id.* ("The Supreme Court's decision in *Gross* [*v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009)] expressly preserved the longstanding rule that an employee may make out an ADEA claim using either direct or circumstantial evidence.").    Intelligent Waves ignored this Court's observation of *Gross* and "but-for" in *Westmoreland*.[10]

Fixating on one paragraph in the Amended Complaint (JA 15, ¶ 44), Intelligent Waves laments that a disparaging comment made about Ms. Lattinville-Pace's French Canadian ancestry by the CEO is not more directly tied to her discharge.    Appellee Br. 6-7, 32-34.    But this connection is unnecessary.    The Amended Complaint pleads *other* facts – namely, the statement made by the firing official in the direct context of Ms. Lattinville-Pace's discharge and with knowledge of her French Canadian ancestry that the sole justification for the sudden adverse action was that she was "not a cultural fit" with the company, a stated justification a

---

[10] In its amicus brief, the EEOC further details Intelligent Waves' misuse of the "but-for" standard as a heightened pleading requirement in ADEA cases.

reasonable fact finder could conclude was not only false but code for her French Canadian ancestry.

According to Intelligent Waves, more derogatory comments about Ms. Lattinville-Pace's age or national origin need to appear in the Amended Complaint in order for her to proceed with her claims.  Appellee Br. 4, 27.  Again, while "[d]erogatory comments about an employee's age may be direct evidence of age discrimination," *Cole v. Family Dollar Stores of Md, Inc*., 811 Fed. Appx. 168, 175 (4th Cir. 2020), a plaintiff is not required to plead or proffer "direct evidence" of discrimination in order to proceed with her claim; she can proceed with her employment discrimination claims based on "circumstantial evidence" and allegations under *McDonnell Douglas.  See Westmoreland*, 924 F.3d at 725 & n. 2.

Strong, detailed facts illuminating each element of a prima face case of employment discrimination (JA 8-15, 17, 19-21, ¶¶ 21-25, 30-43, 51, 61-68), combined with strong, detailed facts undercutting the employer's proffered explanation for the adverse action and showing it to be false and/or imbued with discriminatory intent and meaning (JA 10-21, ¶¶ 33-43, 53-54, 59, 70), along with other evidence of discrimination (JA 21, ¶ 70) – if proven – allows for a finding of intentional discrimination.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-47, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000); *Westmoreland*, 924 F.3d at 727.  These are the specific facts – the "factual enhancement" – alleged in Ms.

Lattinville-Pace's Amended Complaint. And if such facts (and combination of facts) allow for a finding of intentional discrimination, they "plausibly" state a claim of intentional discrimination that is "above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

## VI.  INTELLIGENT WAVES CITES CASES SUPPORTING REVERSAL OF THE DISTRICT COURT

Intelligent Waves cites *McKenzie, supra*, but there the plaintiff failed to "proffer *any facts* supporting a conclusion that the actions he complains of were taken on account of his race or national origin." 2021 U.S. App. LEXIS 34486 at *3-4 (emphasis added). Intelligent Waves cites *Tickles v. Johnson*, 805 Fed. Appx. 204 (4th Cir. 2020), but there the complaint contained "*scant allegations . . .* leav[ing] us to merely speculate that Appellant was denied a promotion and/or terminated because of his age." *Id.* at 208. Intelligent Waves cites *Coleman, supra*, but there the complaint "d[id] not assert facts establishing the plausibility of [a race discrimination claim] . . . [and] [a]bsent such support, the complaint's allegations of race discrimination do not rise above speculation." 626 F.3d at 191. Intelligent Waves cites *McCleary-Evans, supra*, but there the plaintiff's "*naked allegation*" that "the relevant decisionmakers [were] biased against African-American women" was "simply too conclusory." 780 F.3d at 586 (emphasis added). Intelligent Waves cites *Bing, supra*, but "[m]issing from [the plaintiff]'s complaint [in that case] are factual allegations that support [ ] an inference" of race discrimination. 959 F.3d at 617-18.

21

By contrast, the allegations in the Amended Complaint are not "scant," "naked," "too conclusory," or "missing." They are detailed, specific, particularized, and articulated in the pleading, and if proven "support a conclusion" of intentional discrimination. Unlike in *Tickles* where "[n]otably absent from the Complaint [were] specific allegations that would give rise to a reasonable inference of age-based discrimination, such as . . . Appellant's own qualifications, the qualifications [ ] of his proposed comparators, or even the proposed comparators' proximity in age to his own (i.e., whether they were substantially younger than him . . .)," 805 Fed. Appx. at 208, the Amended Complaint brims with the specifics of Ms. Lattinville-Pace's qualifications for the position (JA 8-9, ¶¶ 21-25), the details of the significantly inferior qualifications of her replacement (JA 19-21, ¶¶ 61-68), and the details of the significant age difference between Ms. Lattinville-Pace and her replacement (27 years younger) (JA 19-21, ¶¶ 61-62, 68).

While "the consequence of allowing [the plaintiff]'s claim [in *McCreary-Evans*] to proceed . . . would be that any qualified member of a protected class who alleges *nothing more* than that she was denied a position or promotion in favor of someone outside her protected class would be able to survive a Rule 12(b)(6) motion," 780 F.3d at 588 (emphasis added), no such consequence would obtain here where the Amended Complaint pleads *much more* than was the case in *McCreary-Evans* and *well beyond* the bare-bones facts of simply being denied a position in

favor of someone outside the protected class. And while it may have been the case in *Bing* that "guessing that [the] conduct is racially motivated does not amount to pleading *actual facts* to support a claim of racial discrimination," 959 F.3d at 617-18 (emphasis added), the Amended Complaint by contrast pleads *three sets of actual facts* (prima facie facts, pretext facts, and a discriminatory-charged justification as the sole reason for discharge) that, if proven, support a finding of intentional discrimination. And together, they put Intelligent Waves on notice of plausible claims and their factual basis. *See supra.*

Finally, Intelligent Waves claims the Amended Complaint provides other, more legitimate explanations for Ms. Lattinville-Pace's discharge. Appellee's Br. 3-4. But even if that were true, it does not disallow her employment discrimination claims from going forward. *See Ray*, 302 Fed. Appx.at 212 ("Although [plaintiff]'s complaint indicates that there were other ostensible reasons why her employment was terminated, the inclusion of those stated reasons in her complaint does not establish at the pleadings stage that she is not entitled to relief on her stated discrimination claim.").

## CONCLUSION

The Amended Complaint in this case states plausible claims of age and national origin discrimination and puts Intelligent Waves on notice of the claims and their factual basis. For this reason, those stated above and in Ms. Lattinville-Pace's

opening brief, and in the EEOC's amicus brief, the District Court's dismissal of Counts One through Four of the Amended Complaint should be reversed and the case remanded.

Dated:  June 30, 2022                    Respectfully submitted,

                                         */s/ Carla D. Brown*
                                         Carla D. Brown
                                         CHARLSON BREDEHOFT COHEN
                                            BROWN & NADELHAFT, P.C
                                         11260 Roger Bacon Drive
                                         Suite 201
                                         Reston, VA  20190
                                         (703) 318-6800

                                         *Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

1.  This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains 6,045 words.

2.  This document complies with the typeface requirements because:

    This document has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

Dated: June 30, 2022                    Respectfully submitted,

                                        */s/ Carla D. Brown*
                                        Carla D. Brown
                                        CHARLSON BREDEHOFT COHEN
                                          BROWN & NADELHAFT, P.C
                                        11260 Roger Bacon Drive
                                        Suite 201
                                        Reston, VA  20190
                                        (703) 318-6800

                                        *Counsel for Appellant*